***NOT FOR PUBLICATON***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D&D, LLC, Appellant,<br><br>v.<br><br>John S. PICIOCCIO, JR., Debtor.<br>Andrea Dobin, as Chapter 7 Trustee, and<br>Richard Weller and Joanne Weller, Appellees. | Civil Action No. 21-02097 (FLW)<br><br>**OPINION** |

**<u>WOLFSON, Chief Judge:</u>**

Appellant D&D, LLC ("Creditor") appeals a final Order of the Bankruptcy Court entered January 26, 2021, which denied Creditor's Motion to File Late Proof of Claim. This Court has appellate jurisdiction to review the decision of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). For the reasons below, the Court will affirm the decision of the Bankruptcy Court.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The debtor, John S. Picioccio, Jr. ("Debtor") filed a Chapter 7 bankruptcy petition on January 17, 2020. The schedule listed Creditor on Schedule E and F of the petition, as having an unsecured claim of $95,900. The schedule also listed J. Conti Construction, LLC, as a co-debtor of Creditor's debt on Schedule H. On January 23, 2020, the Bankruptcy Court sent Notice of Chapter 7 Bankruptcy Case by first class mail to 120 Passaic Street, Hackensack, New Jersey, a former address used by Creditor, but it was Creditor's last known address. The deadline to file a proof of claim was May 27, 2020. Unbeknownst to the Debtor, in December 2019, Creditor moved its corporate address from 120 Passaic Street to 201 West Passaic Street, Suite 101, Rochelle Park, New Jersey, and did not file a forwarding address with the postal office. (Certification in Support

of Mot. To Allow Late Proof of Claim ("Patel Cert.") ¶ 6; Reply Certification in Support of Mot. To Allow Late Proof of Claim (the "Patel Reply Cert.") ¶ 3.) As such, Creditor never received any of the mailed notices of Debtor's bankruptcy filings. Although Creditor maintains that it notified all parties with whom Creditor was in regular contact regarding the address change, Creditor did not notify the Debtor of its new address. (Patel Reply Cert. ¶ 4.)

Approximately one month after Debtor filed the petition, on February 20, 2020, Creditor filed a complaint in Superior Court of New Jersey, Middlesex County, in connection with Debtor's nonpayment under the parties' Settlement Agreement and Mutual Release dated April 7, 2017.[1] (State Court Complaint (No.: MID-L-1087-20).) The address Creditor's counsel listed in the state court complaint was the same outdated 120 Passaic Street address listed in the schedules. (Certification in Opposition to Mot. to File Late Proof of Claim of D&D, LLC ("Roth Cert.") ¶ 7). On February 29, 2021, the Notice of Assets was filed in the bankruptcy proceeding. On June 30, 2020, Appellees Richard Weller and Joanne Weller (the "Wellers"), other creditors of Debtor, filed an adversary complaint against the Debtor objecting to the Debtor's discharge of their claim pursuant to 11 U.S.C. § 523, and to bar the Debtor's discharge under 11 U.S.C. § 727. (Adversary Complaint (Adv. Pro. No. 20-1387).) On August 28, 2020, the Wellers and the Debtor agreed to refer the adversary proceeding matter to mediation, which was conducted by the appointed mediator, Raymond T. Lyons, U.S.B.J., ret. (Roth Cert. ¶ 4.)

In early October 2020, counsel for Debtor contacted Creditor's counsel and advised him of the bankruptcy filing via e-mail. (Patel Reply Cert., ¶ 8.) In turn, Creditor's counsel advised Creditor of the bankruptcy filing. (Certification in Support of Motion to Allow Late Proof of Claim

---

[1] The parties did not provide the Court with any other information regarding the state court proceeding, particularly whether Creditor ever served Debtor with the complaint, such that through service, Creditor would have been made aware of the Debtor's bankruptcy proceeding.

2

("Baker Cert.") ¶ 3.) On November 2, 2020, Creditor's counsel contacted Appellee Andrea Dobin, Chapter 7 Trustee ("Trustee"), and scheduled a video-conference for November 3, 2020. (ECF No. 4 at 4.) During the conference, Creditor's counsel and the Trustee discussed the bankruptcy filing and Creditor's failure to timely file a claim against the estate. (*Id.*) On December 10, 2020, the mediator filed a report in the adversary proceeding advising the bankruptcy court that the Weller's adversary proceeding had been resolved. (Adversary Mediation Report dated December 10,2020.) Later that month, on December 21, 2020, Creditor filed a proof of claim with the Bankruptcy Court in the amount of $525,120, and a motion for an order allowing its late filed proof claim as timely filed. (Proof of Claim No. 10-1.)

The Trustee opposed the motion on January 4, 2021. (Brief in Opp'n to Mot. of D&D, LLC to Allow Late Filed Claim.) On January 8, 2021, Creditor filed its reply (Response to Brief in Opp'n to Mot. of D&D, LLC to Allow Late Filed Claim) and on January 12, 2021, the Bankruptcy Court held oral argument on the motion. On January 26, 2021, the Bankruptcy Court rendered its decision on the record and entered an order denying Creditor's Motion for an Order Allowing Late Filed Proof of Claim. Creditor appealed. (ECF No. 3.)

## II.     LEGAL STANDARD

The standard of review when reviewing a bankruptcy court's decision is determined by the nature of the issues presented on appeal. A bankruptcy court's legal determinations are reviewed *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *See In re Am. Classic Voyages Co.*, 405 F.3d 127, 130 (3d Cir. 2005) (citing *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 122 (3d Cir.1999)). The bankruptcy court's determination regarding the existence of excusable neglect is reviewed for abuse of discretion. *Jones v. Chemetron Corp. ("Chemetron II")*, 212 F.3d 199, 205 (3d Cir. 2000) (citing

3

*In re Vertientes,* 845 F.2d 57, 59 (3d Cir. 1988); *In re Orthopedic Bone Screw Prods. Liab. Litig.,* 246 F.3d 315, 320 (3d Cir.2001). Abuse of discretion exists when a bankruptcy court's ruling is "founded on an error of law or a misapplication of law to the facts," *In re O'Brien,* 188 F.3d at 122. It also occurs when the court's action was "arbitrary, fanciful or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408 (3d Cir.2002) (citations and quotations omitted).

### III.  DISCUSSION

Creditor's appeal centers on the Bankruptcy Court's refusal to allow Creditor's late proof of claim as timely filed. Pursuant to Bankruptcy Rule 9006(b)(1), a court may, in its discretion, accept a late-filed proof of claim where the claimant's failure to act timely was the result of "excusable neglect." Fed. R. Bankr. P. 9006(b)(1); *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995) (citations omitted). Rule 9006(1) provides, in pertinent part: "[W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . permit the act to be done where the failure to act was the result of excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the Supreme Court explained that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. 380, 395 (1993). Such factors include:

(i) the danger of prejudice to the debtor;

(ii) the length of the delay and its potential impact on judicial proceedings;

(iii) the reason for the delay, including whether it was within the reasonable control of the movant; and

(iv) whether the movant acted in good faith.

4

*Id*. In the present matter, after reviewing the complete record and all relevant circumstances, and considering the *Pioneer* factors, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Creditor's motion to file a late claim. The Court will address the factors outlined in *Pioneer*.[2]

    A. *Pioneer Factors*

With respect to the first factor, danger of prejudice to the debtor, the Bankruptcy Court found that "there would be prejudice to the debtor here," because if Creditor's late filed claim were permitted, it would "throw a monkey wrench into [the Wellers'] settlement" of its adversary proceeding for nondischargeability." (Bankruptcy Decision Hearing Tr. 5:7-8, 6:16.) Although the schedule originally listed Creditor as having an unsecured claim of $95,000, Creditor's proof of claim is in the amount of $525,000, a sum that the Bankruptcy Court noted would significantly change the amount that the Wellers would receive in a settlement and could cause the Debtor to "potentially lose the effect of that settlement." (*Id.* at Tr. 6:15-18; 6:20-22.) I agree with that assessment and see no abuse of discretion in this regard. Should this settlement be jeopardized, the confirmation of the Debtor's Plan may be thrown into doubt.

The Bankruptcy Court further found that factor two, the length of delay and its potential impact on judicial proceedings, weighed against Creditor, as the late filed claim would delay the

---

[2] Creditor separately argues on appeal that its right to due process would be violated if its proof of claim is not permitted. (ECF No. 3 at 7-8.) However, this argument was not raised before the Bankruptcy Court. Indeed, Creditor only briefly noted in the context of its discussion of its state court complaint that its "claim and right to due process should not be prejudiced by its counsel's inadvertent act." (D&D Reply in Support of Motion to Allow Late Filed Claim at 2.) Creditor also failed to raise this argument at the January 12, 2021 hearing before the Bankruptcy Court. Therefore, I need not consider this argument because by failing to raise this issue before the Bankruptcy Court, Creditor waived such an argument. *See In re Kaiser Group Intern. Inc.,* 399 F.3d 558, 565 (3d Cir.2005) (noting the general rule that "when a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal.")

administration of the estate, the work of the Trustee in this case to settle potential claims, and interfere with Creditor's settlement with the Wellers. (*Id*. at Tr. at 6:23-7:6.) Indeed, Creditor missed the May 27, 2020 deadline for filing late proofs of claim by almost seven months. Under *O'Brien*, "the length of delay is considered in absolute terms." 188 F.3d at 130 (finding excusable neglect in part due to the short length of creditor's delay in seeking relief). Although courts have permitted late proofs of claim for shorter delays, *see Pioneer*, 507 U.S. at 394 (delay of twenty days); *O'Brien,* 188 F.3d at 130 (delay of approximately two months), courts have disallowed late proofs of claim after six months. *See In re Enron Corp.*, 298 B.R. 513, 526 (Bankr.S.D.N.Y.2003) ("length of delay in filing the Proof of Claim here is substantial, that is, it was filed more than six months after Bar Date"); *In re XO Communications*, 301 B.R. 782, 797 (Bankr.S.D.N.Y.2003) (noting that a delay of four months weighed against permitting a late proof of claim); *In re Trump Taj Mahal Assocs.*, 156 B.R. 928 (Bankr.D.N.J.1993) (finding that late claimants failed to establish excusable neglect after delay of one year). Here, while the Bankruptcy Court did not discuss the length of delay in its decision, upon the Court's own review of the facts, I find that the delay weighs decidedly against Creditor and I further find, just as the Bankruptcy Court did, that the delay's potential impact on judicial proceedings would be substantial.

As for the reason of the delay, including whether it was in the reasonable control of the movant, the Bankruptcy Court found that this factor also weighed in favor of not permitting the late filed claim. (Bankruptcy Decision Hearing Tr. 7:7-9.) The Bankruptcy Court noted that while "there's no obligation on the part of [the Creditor] to file a forwarding address form," "it was in [Creditor's] reasonable control to make sure that . . . the people who owed them money, for example this debtor, and anyone for that matter would be aware of [its] change of address." (*Id*. at 7:10-11, 7:17-20.) Moreover, the Bankruptcy Court recognized that local and Federal rules, as well

6

as the bankruptcy code, place the burden on the party appearing to inform the Bankruptcy Court, the debtor, and the Trustees of any change in address. (*Id*. at 7:23-8:02.)

On appeal, Creditor attributes its late filing to lack of notice, arguing that its failure to receive notice establishes excusable neglect under the Third Circuit's decision in *In re Cendant Corp. Prides Litigation*. 233 F.3d 188, 197 (3d Cir. 2000) (noting "the failure of claimants to receive notice, illness, misrouted mail, intervening company name changes, or short internal mail system delays…" as examples of scenarios that establish "excusable neglect").[3] Creditor admits, however, that it did receive notice in early October 2020, but nonetheless waited two and a half additional months to file its proof of claim. (ECF No. 3 at 2.) Although I agree with the Bankruptcy Court that the "delay in filing, not even counting the delay from the time [Creditor] learned of the bankruptcy" was within Creditor's reasonable control, (Bankruptcy Decision Hearing Tr. at 7:14-16), Creditor's additional delay after receiving notice of the bankruptcy filing in early October 2020 was inexcusable. In fact, had the Creditor filed its proof of claim at that time, it would have been before the Weller's settlement took effect in December 2020. As the Bankruptcy Court observed, this delay resulted in the substantial prejudice to the Debtor. As with the previous factors, the Court finds no abuse of discretion in the Bankruptcy Court's determination that this factor weighed against Creditor.

---

[3] Creditor also argued the Bankruptcy Court should permit its late-filed proof of claim because it allowed a late filed claim by another creditor, First Bank. First Bank filed its motion to allow a late claim in October 2020 in the amount of $35,599.82. (Bankruptcy Decision Hearing Tr. 16-17; ECF No. 4 at 16.) The Bankruptcy Court found that the circumstances of First Bank's late claim differed from the circumstances of Creditor's claim as First Bank cited interference by COVID-19, office closures, a merger, and limited office staff as reasons for not having properly received mail. (Bankruptcy Decision Hearing Tr. 8:19-22.) This Court agrees that First Bank's facts are easily distinguishable from Creditor's set of circumstances.

Lastly, regarding whether the movant acted in good faith, the Bankruptcy Court found that it did not believe Creditor acted in bad faith despite the fact that Creditor did not file a proof of claim immediately when Creditor received notice.[4] (Bankruptcy Decision Hearing Tr. 8:3-8.) Indeed, there is no evidence that Creditor's failure to act promptly upon receiving notice from the Debtor's counsel amounted to bad faith. But, even if bad faith on the part of the Creditor did not exist, all other *Pioneer* factors weigh in favor of finding a lack of excusable neglect. Accordingly, the Court finds no abuse of discretion in the Bankruptcy Court's application of the *Pioneer* factors to the factual record.

## IV.   CONCLUSION

For the reasons stated above, the Court finds no abuse of discretion by the Bankruptcy Court, and that Creditor has not established excusable neglect. Therefore, the judgment of the Bankruptcy Court is affirmed.

**DATED**: December 21, 2021

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[4] As previously noted in Footnote 1, because the parties did not provide the Court with any additional information regarding the state court proceeding, I cannot determine whether Creditor would have been made aware of Debtor's bankruptcy proceeding through service of the complaint. However, given that Creditor initiated the state court proceeding, it would be unusual that it did not attempt to serve the Debtor. Indeed, the Court questions whether Creditor did in fact have actual notice of Debtor's bankruptcy filing.